IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDELL L. OWENS, #K89586,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-00299-SMY |
| | ) |
| **BOBBI JO YOUNKER, JOEY HARRIS,** | ) |
| **JOE L. PETROKOVICH, FRED UFERT,** | ) |
| **OTTIS STEWARD, BRUCE RAUNER,** | ) |
| **LISA MADIGAN, LEO P. SCHMITZ,** | ) |
| **CASEY CARPENTER, JOHN LAKIN,** | ) |
| **THOMAS B. GIBBONS, ERIC HOLDER,** | ) |
| **and ALAN J. DUNSTAN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Randell L. Owens, who is currently confined at Taylorville Correctional Center ("Taylorville") for failing to register as a violent sex offender, brings this action pursuant to 42 U.S.C. § 1983. The complaint is now before the Court for preliminary review. As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. As such, the complaint shall be dismissed without prejudice and with leave to amend.

### The Complaint

The allegations in the complaint are rambling and far from clear. From what the Court can discern, Plaintiff failed to timely register as a sex offender in Wood County, Illinois, allegedly through no fault of his own (Doc. 1, p. 5). He was arrested for unlawful failure to register on February 4, 2013, and detained at the Madison County Jail until March 18, 2013.

Plaintiff was subsequently convicted for the offense.  He is currently serving a four year term of confinement at Taylorville (Doc. 1, p. 2).

Although it is far from clear, the complaint seems to broadly challenge the constitutionality of the Illinois Sex Offender Registration Act ("SORA"), 735 ILCS 150/1, *et seq.*, and its federal counterpart, the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2251, *et seq*.  More specifically, Plaintiff challenges its implementation and enforcement in Wood County, Illinois, among other jurisdictions.  He alleges that the Wood County sex offender registry was operated in a manner that created barriers to his timely registration.  The complaint identifies three barriers: (1) the registration office was only open for a period of twelve hours on Fridays (Doc. 1, p. 11); (2) Plaintiff may (or may not) have been required to produce proof of his residency through a third party (Doc. 1, p. 7); and Officer Bobbi Jo Younker delayed Plaintiff's registration for reasons not stated in the complaint (Doc. 1, p. 6).

Plaintiff now sues the United States Department of Justice, the State of Illinois, and the above-listed thirteen defendants for numerous violations of state and federal law.  The claims in the complaint include, but are not limited to, entrapment, false arrest, false imprisonment, malicious prosecution, aggravated harassment, constructive fraud, breach of contract, breach of fiduciary duty, willful neglect, emotional distress, alienation of affection, cruel and unusual punishment, invidious discrimination, denial of due process, denial of equal protection, violations of Illinois SORA, and violations of Sex Offender Apprehension Grants under 42 U.S.C. § 3997(ee), 42 U.S.C. § 3796 (g, 5-2), 42 U.S.C. § 9511, etc.  He also brings claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (Doc. 1, p. 12). Plaintiff seeks monetary damages, including $10 million in punitive damages (Doc. 1, p. 15).

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Plaintiff's complaint is by no means a model of clarity. In fact, the allegations stray far afield of the pleading standards set forth in Rule 8(a). The purpose of this rule is to ensure that the defendants have "fair notice of the claims against them and the grounds supporting those claims." *See Lawrence v. Secretary of State*, 467 Fed. Appx. 523, 524 (7th Cir. 2012) (citing *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). As it is written, this Court and the defendants have no way to assess Plaintiff's complaint or to determine whether the pleading states any legitimate claims.

The complaint offers neither a short nor a plain statement of Plaintiff's claims, as required by Rule 8. With regard to its length, the complaint is divided into nine counts against more than thirteen defendants. Standing alone, the number of counts and length of the complaint do not justify dismissal under Rule 8(a). *Nygren*, 658 F.3d at 797 ("[U]ndue length alone ordinarily does not justify the dismissal of an otherwise valid complaint."); *Davis v. Ruby Foods,*

*Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ([D]ismissal is inappropriate "merely because of the presence of superfluous matter."). To be clear, the Court is not dismissing the complaint on the basis of its length.

Other problems abound. For example, the allegations are virtually incomprehensible. Rather than offering basic factual allegations in support of clearly identified claims, the complaint offers incoherent factual allegations buried amidst long lists of legal claims (some of which appear to be contrived and others of which are not cognizable under Section 1983). By way of example, the allegations offered in support of "Count VIIII" (sic) are below:

> That Defendant's have caused upon this Plaintiff et al. . . . , V/A 'citations' set forth in Count VIII above in a uniform concerted and co-complicit manner regarding Breach of Contract and fiduciary trust set forth in 42 USC § 3797 (ee) – 3996(ss) – 3796(g5) – 2 and 42 USC § 9511, together with corresponding State and Federal S.O.R.A. Title I of July 2006, Act P.L. 109-248. . . . , by its lack of oversight, enforcement, due diligence with respect of audit, collection, and its deliberate indifference, and total disregard that had said 'mandated state and local monitoring of funding, Registrations etc. etc. etc. been in compliance, the egregious conspiratorial defects, unilatterally engaged in by Wood River Police Dep't, the Illinois State Police, specific custodial defendant agents in captioned matter above of Plaintiff-Defendants, and the Office of the U.S. Attorney General ex rel. Eric Holder, that caused the false arrest, subject of detainer, arrest, subject or prosecution, loss of liberty, alienation of affection, malicious prosecution, cruel and unusual punishment, violation of due process, equal protection, and aggravated harassment, physical, metal, emotional stress, that through both U.S. and State Attorney Generals direct notorious lack of uniformity in oversight, and enforcement of both funding, management, distribution of "mandated" funds with deliberate indifference to both Plaintiff and those protected persons it's direct malfeasance of office by Defendants and a collateral attack on the entire sex offender registration acts of both Federal and State enactments, that likewise violates Seperation of Powers. When in fact, the "provider" of Funding – is also the Prosecutor of Violations of the SORA, regarding activity surrounding purpose of statute, that in fact violates implicitly and explicitly constructively, extrinsically and collaterally the Single Subject Rule of enactment of entire SORA 730 ILCS 150/1 et seq. and its Federal counterparts Title I P.L. 109-248 (HR 4472) July 27, 2006, 120 Stat 587. 42 USC § 16901 et seq and 18 USC § 2250 et seq. . . . That makes "Ripe for Review" and repeal of statutory "shemes" that is against both U.S. and State Constitutions respectfully – and without "Review." This Plaintiff will continue to suffer irreparable harm in a "punitive"

>matter against these characters acting under color of law and against State and Federally Protected Due Process, Equal Protection and Liberty heretofore.

(Doc. 1, pp. 13-14). These allegations are not only meandering, but they are also wildly incoherent. Plaintiff sets forth equally deficient allegations in support of the other eight "counts" in his complaint.

Based on the absence of coherent allegations offered in support of Plaintiff's claims, the Court deems it appropriate to dismiss the complaint. The Seventh Circuit has held that "unintelligibility is certainly a legitimate reason" for dismissing a complaint. *Nygren*, 658 F.3d at 798. The instant complaint consists of the same "vague, confusing, and conclusory articulation" of claims and "general 'kitchen sink' approach to pleading the case" that resulted in the dismissal of the second amended complaint at issue in *Nygren*. 658 F.3d at 798.

Further, despite naming thirteen defendants in the case caption, the allegations rarely identify any particular defendant in connection with specific conduct. Instead, Plaintiff lists multiple legal claims in connection with different groups of defendants. This style of pleading does not provide sufficient notice of the claims against each defendant. Plaintiff must indicate *who* specifically did *what* to violate his rights. Without a clear statement of the facts giving rise to Plaintiff's claims against each defendant, the Court cannot analyze whether any particular defendant violated Plaintiff's constitutional or other rights. Further, the defendants cannot answer or defend against the claims.

In addition, the grammatical and syntactical errors in the pleading are too numerous to add or address with specificity. The best example of them is set forth above in the direct quote taken from "Count VIIII." Standing alone, these errors provide insufficient grounds for dismissing the complaint. However, when considered in the context of the numerous other

deficiencies, the grammatical and syntactical errors simply provide one more reason why Plaintiff's complaint should be dismissed.

Under the circumstances, the complaint shall be dismissed for failure to comply with Rule 8(a).  *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. CIV. P. 8(a) is permitted."); *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).  However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file an amended complaint to address the many deficiencies discussed herein.

### First Amended Complaint

Should Plaintiff wish to further pursue his claims in this action, he is **INSTRUCTED** to file an amended complaint with this Court within 35 days of the date of this order (on or before May 26, 2015).  Failure to follow the Court's instructions for doing so will result in dismissal of this action with prejudice for failure to state a claim under Section 1915A and/or for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b).

When filing his amended pleading, Plaintiff should label the pleading "First Amended Complaint."  He should also use *this* case number.  He should indicate whether he is bringing the action pursuant to 42 U.S.C. § 1983 or some other law.  Plaintiff should be careful to include sufficient facts to demonstrate that each defendant listed in the complaint violated his rights—constitutional or otherwise.  And he should refer to the constitutional or statutory ground(s) for relief.  The amended complaint must include a coherent statement of the facts supporting each claim, in chronological order if at all possible.  Plaintiff should avoid extraneous information, references to unsupported causes of action, long lists of undeveloped legal claims, and large exhibits.

### Pending Motion

Plaintiff's motion for service of process at government expense (Doc. 4) is hereby **DENIED** as **MOOT**. It was not necessary for Plaintiff to file this motion. If his amended complaint survives Section 1915A review against any defendant, the Court will order service of process on that defendant.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before May 26, 2015.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 20, 2015**

s/ STACI M. YANDLE  
United States District Judge