IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDELL L. OWENS, #K89586,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-00299-SMY |
| | ) |
| **BOBBI JO YOUNKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of Plaintiff Randell Owens' first amended complaint (Doc. 15). The Court dismissed Plaintiff's original complaint (Doc. 1) after concluding that it violated Rule 8 of the Federal Rules of Civil Procedure (Doc. 11). The Court did not object to the length of Plaintiff's 21-page complaint or the general organization of his claims into nine separate counts. The Court instead took issue with the fact that the nine counts encompassed dozens of legal claims that were both real and contrived. The claims were based on virtually incomprehensible factual allegations that Plaintiff set forth in narrative form, drawing little connection between the underlying conduct giving rise to his claims and the defendants. For these reasons, the Court dismissed the complaint (*Id*.).

However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint addressing the deficiencies noted by the Court in its Order of dismissal. The original deadline for doing so was May 26, 2015 (Doc. 11, p. 7). When Plaintiff requested additional time to prepare the pleading, the Court granted his request and extended the deadline until June 25, 2015. Plaintiff's first amended complaint is considered timely under this extended deadline.

The first amended complaint is now ripe for review. *See* 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The first amended complaint does not survive threshold review because it suffers from the same defects that plagued the original complaint, and more.

### First Amended Complaint

The first amended complaint names fifteen defendants and organizes the claims against them into nine separate "counts." It spans 515 pages. This represents an increase in length of 494 pages over the original 21-page complaint. Although most of these additional pages consist of exhibits, the core pleading is 37 pages long, which is nearly twice the length of the original complaint. The statement of claim is more than twice as long, now spanning 27 pages instead of 12 pages.

Like the original complaint, the allegations in the first amended complaint are neither clear nor concise. They are written in narrative form. The allegations are repetitive. They are also inconsistent. But, from what the Court can discern, Plaintiff's claims arise from his failure to timely register as a sex offender in February 2013 in the City of Wood River, Illinois. He alleges that several defendants took affirmative steps to prevent him from doing so, and Plaintiff was arrested for unlawful failure to register in February 2013. It is not clear what happened after this. Plaintiff alleges that he was cleared of the charges but remains in custody based on his conviction in another case. But Plaintiff also alleges that he is still in custody as a result of the charges that arose from his failure to register in Wood River in February 2013.

Plaintiff brings the action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and Illinois state law.  He peppers his first amended complaint with legal claims that are too numerous to set forth in this Order.  Some of these legal claims are cognizable under Section 1983.  Many are not.  Still others appear to be creatures of Plaintiff's imagination.

Plaintiff alludes to constitutional claims arising under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments; a constitutional challenge to the Illinois Sex Offender Registration Act ("SORA"), 735 ILCS 150/1, *et seq.*, and its federal counterpart, the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2251, *et seq.*; a conspiracy to violate civil rights claim under § 1985; and state law claims for false arrest, assault, battery, malicious prosecution, and emotional distress.  Some of Plaintiff's more creative claims include those for "notorious possession," violation of the "stigma doctrine," violation of "state created dangers," involuntary servitude, breach of fiduciary duty, and "violations of special legislation."  This list of claims is by no means exhaustive.  The Court offers it only as an example of the breadth of Plaintiff's claims.  Plaintiff seeks monetary damages that include $10 million in punitive damages (Doc. 1, p. 15).

## Discussion

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth general requirements for properly pleading claims in a complaint.  The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  Rule 8(d)

requires that each allegation within the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). According to Rule 10, a plaintiff must "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and . . . 'each claim founded on a separate transaction or occurrence' [must] be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard*, 658 F.3d at 797. These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The Order dismissing the complaint incorporated these requirements into the instructions for filing an amended complaint (Doc. 11). Plaintiff was ordered to file a pleading that "refer[s] to the constitutional or statutory ground(s) for relief" against each defendant (Doc. 11, p. 6). He was ordered to "include a coherent statement of the facts supporting each claim, in chronological order if at all possible," and to "avoid extraneous information, references to unsupported causes of action, long lists of undeveloped legal claims, and large exhibits" (*Id.* at pp. 6-7). This Court explicitly warned Plaintiff that "[f]ailure to follow the Court's instructions . . . will result in dismissal of this action with prejudice for failure to state a claim under Section 1915A and/or for failure to comply with an Order of this Court" (Doc. 11, pp. 6, 8) (citing FED. R. CIV. P. 41(b)).

Plaintiff responded to this Order by filing an amended complaint that addresses none of the deficiencies noted by this Court in its dismissal order—and only adds to them. Length, which was not a problem with the original complaint, is now a problem. Plaintiff's amended complaint is 494 pages longer than the original. The statement of claim is

more than twice as long. Plaintiff did not reduce the number of defendants or the number of claims against them.

While length alone does not usually justify dismissal of a complaint, unintelligibility and a lack of organization do. *Stanard*, 658 F.3d at 797-98; *Garst*, 328 F.3d at 378 ("Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter."). Plaintiff's first amended complaint crosses the line from "unnecessarily long" to "unintelligible." *Stanard*, 658 F.3d at 798. At first glance, it appears to be both organized and intelligible. Plaintiff numbers his paragraphs and his counts. Each sentence is coherent and well-constructed.

But upon closer inspection, it is clear that Plaintiff followed virtually none of the Court's orders for properly amending his pleading. The complaint includes references to unsupported causes of action, long lists of undeveloped legal claims, extraneous information, and unnecessary exhibits. The factual allegations are not set forth in a coherent, organized manner. Plaintiff still refers to dozens of legal claims -- often presenting them in long lists -- throughout the pleading. It is difficult to discern what claims Plaintiff intends to assert against each defendant. Plaintiff used this same style of pleading when preparing his original complaint, but the increased length of his amended pleading only compounds the problems.

Plaintiff has now had two opportunities to file a complaint that complies with the Federal Rules of Civil Procedure. The Court has provided him with guidance in preparing his amended complaint (Doc. 11). In fact, he was ordered to prepare a pleading that specifically addressed the deficiencies now noted in the amended complaint.

Plaintiff will not be granted another opportunity to amend his complaint, given his absolute failure to address the deficiencies noted. "[D]istrict courts have broad discretion to

deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Stanard*, 658 F.3d at 797 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting Plaintiff a second opportunity to amend his complaint would be futile.

Accordingly, this action shall be dismissed for failure to state a claim upon which relief may be granted, arising from Plaintiff's repeated failures to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and for failure to comply with an Order of this Court. *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 41(b). *See also generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

## **Pending Motion**

After the Court dismissed Plaintiff's original complaint, he filed a motion for recruitment of counsel (Doc. 12), which shall be **DENIED**. Plaintiff filed the 57-page motion on May 14, 2015, less than two weeks before his first amended complaint was due. He did not use this Court's form and, for that reason, failed to address many of the factors this Court typically considers when ruling on motions for counsel. Against this backdrop, the Court will consider his request.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel

on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion focuses primarily on his efforts to obtain counsel on his own. He alleges that he contacted numerous family and friends and asked them for assistance in finding counsel. He mailed over twenty copies of his complaint to attorneys with a request that they represent him in this case and other pending cases. He claims that he needs this assistance because of the sheer number of cases he currently has pending in different courts and because of the legal complexity of this matter. Plaintiff has been unsuccessful in securing representation on his own. He believes that this is based, in part, on his status as a "sexual predator." The Court finds that Plaintiff has demonstrated that his efforts to secure counsel have failed.

However, the "complexities" of this case are not beyond Plaintiff's reach. He admits that he is a college graduate (Doc. 12, p. 5). He does not mention any medical or mental health conditions that prevent him from representing himself. Plaintiff does not indicate that he is taking any medications that prevent him from meeting court deadlines or preparing pleadings. He has demonstrated an ability to meet court deadlines to date.

Plaintiff is clearly capable of preparing a pleading with basic organizational structure and coherent allegations. His claims largely arise from a challenge to SORA and SORNA, as applied to him on February 2013 in Wood River, Illinois. Rather than focus on this claim, Plaintiff opts to include every conceivable fact and possible claim against the fifteen defendants. In doing so, he utterly disregards the Order dismissing his original complaint. It is Plaintiff's failure to follow basic instructions, rather than any demonstrated inability to plead his claims, that dictate the outcome of this case. Plaintiff's motion for recruitment of counsel (Doc. 12) is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an Order of this Court. This dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

Defendants **YOUNKER, HARRIS, PETROKOVICH, STEWARD, UFERT, RAUNER, MADIGAN, CARPENTER, SCHMITZ, GIBBONS, DUNSTAN, LAKIN, HOLDER, AKERS,** and **HERTZ** are **DISMISSED** from this action with prejudice.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:  August 27, 2015**

    s/ STACI M. YANDLE
    **U.S. District Judge**